PER CURIAM, November 13, 1893:

We find nothing in this record that calls for a reversal of the decree of the court below. Neither of the specifications is sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellants.

---

## Ballantine et al., Appellants, v. Negley.

*Ejectment—Parties—Substitution of heirs—Practice.*

Where the plaintiff in an action of ejectment dies, his heirs may be substituted in his place, as parties to the action, whether they desire it or not.

Argued Nov. 1, 1893. Appeal, No. 150, Oct. T., 1893, by the substituted plaintiffs, Sarah Ballantine et al., heirs of Nathaniel Ballantine, the original plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1892, No. 497, making absolute a rule to substitute plaintiff's heirs as parties. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Rule to substitute plaintiff's heirs as parties in ejectment.

The original plaintiff, Nathaniel Ballantine, died after suit brought. The above rule taken by defendant was resisted by two of the heirs, one of them a nonresident, but was made absolute by the court, SLAGLE, J.

*Error assigned* was above order, quoting it.

*T. H. Baird Patterson* and *George A. Jenks, A. M. Brown* with them, for appellants.—There is a wide difference legally and constitutionally between permissive substitution and adverse or compulsory substitution: Shoemaker v. Huffnagle, 4 W. & S. 443; Hunt v. Crawford, 3 P. & W. 427; Jester v. Jefferson Twp. Overseers, 11 Pa. 541; Alden v. Grove, 18 Pa. 377.

So far as we can find, this court has never contemplated that adverse substitution could be intended or allowed under the act of April 13, 1807, § 3, 8 Sm. L. 477, Purd. 638, as to plain-

tiff: Longbine v. Piper, 70 Pa. 380; Act of April 26, 1850, P. L. 581.

*J. S. Ferguson, Negley & Millar* and *E. G. Ferguson* with him, for appellees.——Must this action stand on the record for all time undisposed of?   There is nothing to prevent appellants after substitution from taking a nonsuit.   It will then be open to defendants under the act of April 3, 1872, P. L. 33, to force the bringing of another ejectment within a year and thereby prevent their title from being clouded.

The intent of the act of April 13, 1807, § 3, is that the person next in interest may be compelled to appear: Darnes v. Welsh, 7 S. & R. 202; Grant v. Levan, 4 Pa. 420; Jester v. Overseers, 11 Pa. 541.

Longbine v. Piper, 70 Pa. 380, and Alden v. Grove, 18 Pa. 377, arose not under the act in question, but under the act of April 26, 1850, P. L. 581.

PER CURIAM, November 13, 1893:

The learned court was so clearly right in substituting the appellants as plaintiffs in this case that it is unnecessary to discuss the question.

Order affirmed with costs to be paid by appellants.

---

## Com. ex rel. Langdon *v.* Patterson, Appellant.

## Com. ex rel. Louden et al. *v.* Bell et al., Appellants.

*Corporations—Meetings—Presiding officers—Adjourned meetings.*

A person who has been chosen to preside at a corporate meeting is entitled to call an adjourned meeting to order, and to continue to preside unless superseded in some orderly and recognized parliamentary manner.

*Corporate meetings—Disorder—Withdrawal—Quo warranto.*

A disorder occurred at a corporate meeting in which all parties participated.   After the disorder had ceased, a portion of the stockholders withdrew for the purpose of carrying out a preconceived scheme to organize and run the meeting in their own interests.   Their call to withdraw was not to all stockholders, but only to members of their own faction.   They organized another meeting, but before voting sent an invitation to the other stockholders to come and vote.   *Held*, that the acts of such meeting