## Strong, Trustee, v. Gannon, Trustee, etc.

*Chase & Swoope*, for plaintiff.

*Edward T. Kelley, Smith, Maine & Whitsett* and *John M. Urey*, for defendant.

BELL, P. J., July 25, 1950.—This is a case in ejectment, in which there were preliminary objections filed

to the original complaint, as result of which plaintiff filed an amended complaint and abstract of title, in which he averred that he held title for one-half interest in the lot, and the remaining one-half interest as trustee for L. Blair Sykes. L. Blair Sykes swore to the facts averred in the amended complaint as being true and correct.

L. Blair Sykes died on September 2, 1949, leaving to survive him a widow and children, all of whom are of legal age except four. These minors are not represented by a guardian and defendant's counsel petitioned the court to ask that a competent person be appointed guardian for Lewis B. Sykes, 2nd, Sarah L. Sykes, Virginia A. Sykes and Margaret R. Sykes; to which an answer was filed, denying the necessity of the appointment of a guardian. Petitioners' brief sets forth the various rules of court as to the necessity of having a guardian appointed to represent a minor, on which there can be no dispute. Plaintiff's brief cites certain Rules of Civil Procedure, particularly rules 228, 229 and 232, the allegation being that ejectment actions come within the class of permissive joinders and not mandatory joinders and that under decedent's own admission and affidavit, W. R. Strong was his agent to represent him in the prosecution of this action. That might have been true during the lifetime of L. Blair Sykes, but we do not believe it continues to exist after his death. Petitioners call attention to the Act of April 13, 1807, P. L. 296, 4 Sm. L. 476, sec. 3, which provides that in actions of ejectment, on the death of one of the parties, the person or persons next in interest may be substituted. As the widow was referred to as administratrix, we assume there was no will, so the children have an interest in this real estate.

Examination of the case of Ballantine et al. v. Negley, 158 Pa. 475, shows that the original plaintiff died after suit was brought, rule was issued by the defend-

ant to include the two heirs, and the rule was made absolute. The syllabus said:

"Where the plaintiff in an action of ejectment dies, his heirs may be substituted in his place, as parties to the action, whether they desire it or not."

The Supreme Court in a per curiam opinion, said the following:

"The learned court was so clearly right in substituting the appellants as plaintiffs in this case that it is unnecessary to discuss the question."

See also Peoples Bridge Co. of Harrisburg v. Reist, 49 Dauph. 323.

We will make the following

### Order

Now, July 25, 1950, for the reasons given in the foregoing opinion, rule to substitute guardian for the minor children of L. Blair Sykes is affirmed. The County National Bank at Clearfield is appointed guardian of Lewis B. Sykes, 2nd, Sarah L. Sykes, Virginia A. Sykes and Margaret R. Sykes, for the purposes of this law suit. No bond to be required unless there should be an order in the future to do so.